**2017 UT App 180**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BRITANY MINTER,
Appellant.

Per Curiam Opinion
No. 20160854-CA
Filed September 28, 2017

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 151903199

Melissa G. Stirba, Attorney for Appellant

Simarjit S. Gill and Tony F. Graf Jr., Attorneys
for Appellee

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1     Britany Minter appeals her conviction of assault, a class A misdemeanor. Minter does not challenge her related convictions for criminal trespass, a class B misdemeanor, and disorderly conduct, an infraction. We affirm.

¶2     Minter was convicted of assault causing substantial bodily injury. *See* Utah Code Ann. § 76-5-102(3)(a) (LexisNexis Supp. 2016) (providing for the enhancement of assault to a class A misdemeanor if "the person causes substantial bodily injury to another"). "Substantial bodily injury" is defined as "bodily injury, not amounting to serious bodily injury, that creates or causes protracted physical pain, temporary disfigurement, or temporary loss or impairment of the function of any bodily

member or organ." *Id.* § 76-1-601(12)(LexisNexis 2012). On appeal, Minter does not challenge the sufficiency of the evidence proving that she used force against the victim or that the victim suffered substantial bodily injury. However, Minter argues that the evidence was insufficient to prove beyond a reasonable doubt that Minter was not lawfully acting to defend herself or a third person when she struck the victim.

¶3 "Utah law requires the State to disprove the affirmative proposition of self-defense, not just prove guilt, beyond a reasonable doubt." *State v. Maama*, 2015 UT App 235, ¶ 35, 359 P.3d 1272 (citation and internal quotation marks omitted). "A person is justified in using non-deadly force against another in self-defense 'when and to the extent that the person reasonably believes that force or a threat of force is necessary to defend the person or a third person against another person's imminent use of unlawful force.'" *Id.* ¶ 44 (quoting Utah Code Ann. § 76-2-402(1)(a)(LexisNexis 2012)). "In determining [the] imminence" of the threat or the "reasonableness" of force used in self-defense, "the trier of fact may consider . . . the nature . . . [and] the immediacy of the danger." Utah Code Ann. § 76-2-402(5)(a)–(b) (LexisNexis 2012). "Force is justifiable under section 76-2-402 only if a reasonable belief in the imminence of unlawful harm and in the necessity of defensive force coincide with the defendant's use of force." *State v. Berriel*, 2013 UT 19, ¶ 14, 299 P.3d 1133. Accordingly, the jury in this case had to decide whether the State met its burden to disprove that Minter "reasonably believed force was necessary to defend herself" or another person against another's imminent use of unlawful force. *See Maama*, 2015 UT App 235, ¶ 23. In doing so, the jury was called upon to consider the nature and immediacy of the threat that the victim posed. *See id.*

¶4 "We will reverse a jury conviction for insufficient evidence only if the evidence presented at trial is so insufficient that reasonable minds could not have reached the verdict." *State v. Fedorowicz*, 2002 UT 67, ¶ 40, 52 P.3d 1194 (citation and

internal quotation marks omitted). On appellate review, we "assume that the jury believed the evidence that supports the verdict" and do not "re-evaluate the credibility of witnesses or second-guess the jury's conclusion." *See id.* (citation and internal quotation marks omitted).

¶5     Minter contends that the State's evidence could not have convinced a reasonable jury beyond a reasonable doubt that Minter did not act in self-defense or defense of another person. The evidence established that Minter had met the victim's adult daughter at a bar earlier that evening. When the daughter returned home, she and her boyfriend began quarrelling in the driveway. The victim and her son, who was armed with a machete, went outside to break up the argument. After the boyfriend left, the victim insisted that her daughter come inside to get a coat. Minter, who was walking home from the bar, heard the commotion and intervened. When the victim grabbed her daughter's arm and tried to pull her into the house, Minter struck the victim with an open palm, causing the victim to suffer a broken nose, bruising throughout her face, and a blood clot under her eye. At trial, Minter claimed she "felt very threatened by [the victim] and her son and the commotion" and that "the overall situation was threatening and volatile with a significant verbal altercation between Minter and [the victim] and the presence of [the victim's son] and his machete in close proximity." Minter also testified that the victim hit her first, but the victim testified that she never struck Minter.

¶6     Viewing the evidence in the light most favorable to the verdict, the jury could conclude beyond a reasonable doubt that Minter did not reasonably believe that force was necessary to defend herself or the victim's daughter. Thus, the evidence was sufficient to support Minter's assault conviction.

¶7     Accordingly, we affirm.

———————